Mr. Bob Dickson Executive Director Texas Commission on Alcohol and Drug Abuse 1705 Guadalupe Austin, Texas 78701-1214
Re: Whether the investigatory records of alleged abuse or neglect in a licensed drug treatment facility held by the Texas Commission on Alcohol and Drug Abuse are confidential under the Health and Safety Code (RQ-1823)
Dear Mr. Dickson:
The Texas Commission on Alcohol and Drug Abuse (the commission) has received a request from a reporter for the complete file on a drug treatment center, including, but not limited to, its license application and site inspection reports. You have disclosed the licensure records, but raise exception 3(a)(1) of the Texas Open Records Act in response to the request for the investigatory records you have on file. You assert the records of investigation of alleged abuse or neglect in a licensed facility fall within the confidentiality provisions of former article 5561cc, section 13e, V.T.C.S., now sections 464.010 and 464.011 of the Health and Safety Code, and also regulations of the United States Department of Health and Human Services implementing section 290dd-3 and ee-3 of title 42 of the United States Code. 52 Fed. Reg. 21811
(to be codified at 42 C.F.R. Part 2).
Section 3(a)(1) of the Texas Open Records Act, article 6252-17a, V.T.C.S., excepts from required public disclosure "information deemed confidential by law, whether Constitutional, statutory, or by judicial decision." Section 464.010(e), the confidentiality statute for reports of investigations of abuse or neglect at a drug treatment facility, provides:
 (e) All records made by the commission during its investigation are confidential and may not be released except that the release may be made:
(1) on court order;
 (2) on written request and consent of the person under investigation or that person's authorized attorney; or
(3) as provided by Section 464.011.
Section 464.011 provides:
The commission may make its licensure and investigatory records available to a state or federal agency on written request by the agency's representative if the agency agrees not to disclose information that could identify a client in violation of the law.
We agree that section 464.010(e) is applicable to the investigatory reports requested in this case. The records were made by the commission in the course of an investigation of alleged abuse and neglect at a drug treatment center.[1] None of the exceptions in section 464.010(e) or section 464.011 applies. Thus, you may not release these reports.
As we have concluded that the investigatory reports in their entirety may not be disclosed under section 3(a)(1) of the Open Records Act as information deemed confidential by statutory law, to wit, section 464.010(e) of the Health and Safety Code, we need not address your assertions based on the federal regulations.
 SUMMARY
Texas Commission on Alcohol and Drug Abuse reports of investigations of abuse or neglect at a drug treatment center are protected from required public disclosure under section 3(a)(1) of the Open Records Act, art. 6252-17a, V.T.C.S., pursuant to section 464.010(e) of the Health and Safety Code. Such reports may be released only as provided in sections 464.010(e) and 464.011 of the Health and Safety Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Kay H. Guajardo Assistant Attorney General
[1] The investigation is of a "drug treatment facility" as those terms are defined in section 464.001(5) and (6) of the Health and Safety Code.